STATE of Rhode Island DEPARTMENT
OF STATE POLICE

v.

Alvin T. PONTARELLI and the Rhode
Island State Police Lodge 25,
Fraternal Order of Police.

No. 89–182–Appeal.

Supreme Court of Rhode Island.

Oct. 12, 1989.

Thomas J. McAndrew (Coffey, Mc-Govern, Noel & Neal, Ltd.), Providence, for plaintiff.

Thomas E. Hefner (Fogarty & Hefner), Greenville, for defendant.

OPINION

PER CURIAM.

This is an appeal by the Department of State Police from a Superior Court judgment affirming an arbitrator's award.

The arbitration resulted from a grievance filed on behalf of a trooper who was injured in an automobile collision while on vacation in March 1986. Because of his injuries, the trooper was unable to return to work and the department placed him on paid sick leave. On September 1, 1986, the department removed the trooper from the payroll for reasons which are not disclosed in this record. The arbitrator rendered an award restoring all but two weeks of the trooper's sick pay.

The department maintains that the arbitrator exceeded his power in restoring any of the trooper's sick leave benefits. In its pertinent portions, the contract provides that "all employees covered by this agreement will continue to receive unlimited sick leave with the approval of the Superintendent." The contract also contains a "Savings Clause" which provides that unless "otherwise expressly provided herein, all privileges and benefits which employees have hitherto enjoyed shall be maintained and continued by the State during the term of this agreement."

The arbitrator examined the portions of the respective provisions, one of which speaks of a continuance of unlimited sick leave, while the other contains the phrase "with the approval of the Superintendent." He resolved the apparent conflict by concluding that the superintendent had limited discretion in the area of sick leave. According to the arbitrator, the superintendent may determine whether the trooper has a bona fide illness or injury. Once that determination has been made, the department was required to provide sick leave. In examining the history of the collective bargaining agreement and the department's past practices, the arbitrator discovered that historically, the department allowed troopers to receive full sick pay, regardless of the duration of their absences and when the contract in question was negotiated, the superintendent was given dis-

cretion so long as the existent practice of allowing unlimited paid sick leave would continue. These factors led the arbitrator to conclude that the superintendent had discretion which, however, had to be exercised in a reasonable manner.

The department, in seeking to overturn the arbitration award, relies on the holding in *State v. National Association of Government Employees Local No. 79*, 544 A.2d 117 (R.I.1988). In the case cited, the Superior Court vacated an arbitrator's award that reinstated a nurse who was discharged for dragging an elderly patient out of the building during bitter cold weather. The arbitrator had concluded that there was just cause for disciplining the nurse, but determined that the sanction should have been suspension rather than discharge. This court affirmed the Superior Court's vacating the remedy chosen by the arbitrator. The Superior Court justice indicated that without exception, any employee who assaults a patient should be discharged. Thus, the arbitrator, once he had determined that there was just cause for discipline, had no discretion to change the remedy provided by the parties' agreement.

Here in this dispute the arbitrator specifically relied on past practices in reaching his conclusion. In reviewing an arbitrator's award in the labor relations field, a reviewing court simply determines whether the arbitrator considered the proper sources in resolving the conflict, namely "the contract and those circumstances out of which comes the 'common law of the shop.'" *Jacinto v. Egan*, 120 R.I. 907, 912, 391 A.2d 1173, 1176 (1978).

Since the arbitrator did not exceed his authority in the dispute before us, the department's appeal is denied and dismissed. The judgment of the Superior Court affirming the award is hereby affirmed.